DAVID HEARD, Administrator, *vs.* SANFORD DRAKE.

Under the Rev. Sts. c. 66, as well as under the previous statutes, an administrator, who, within a year after giving notice of his appointment, pays a debt of his intestate, or at whose request it is paid within that time by a debtor of the estate, may, if the estate afterwards prove to be insolvent, recover of the creditor the excess of the sum so paid over the amount awarded to the creditor by commissioners of insolvency.

ACTION OF CONTRACT by the administrator of David Heard, Jr., to recover back money alleged to have been paid by mistake by the plaintiff to the defendant upon a note of the intestate. The

parties submitted the case to the decision of the court upon the following facts :

The plaintiff, within a year after giving notice of his appointment as administrator, requested Luther Bellows, who was indebted to the estate in an amount somewhat less than the defendant's note, to pay that note, and promised to pay him the balance. Bellows paid a very small part of the note in cash, gave his own note to the defendant for the residue, and delivered the paid note to the plaintiff and received from him the difference. The estate was afterwards represented insolvent, the plaintiff proved before the commissioners the note which had been held by the defendant, and a dividend of forty nine per cent. was decreed by the probate court upon all the debts proved. The insolvency was occasioned by the amount of sales of real estate falling far short of its appraised value. The plaintiff made a demand upon the defendant before bringing this suit.

*G. A. Somerby*, for the plaintiff.

*C. R. Train*, for the defendant. 1. If this case presents a payment by the plaintiff of a debt of his intestate, it was a payment in his own wrong. His duties are strictly defined by statute, and he was not obliged to pay it within the year. Rev. Sts. *c.* 66, §§ 1, 11, 12, 13 ; *c.* 68, § 2. If he suffers, it is through his own carelessness. *Newcomb* v. *Goss*, 1 Met. 333. *Colegrove* v. *Robinson*, 11 Met. 238. *Erving* v. *Peters*, 3 T. R. 689. *Platt* v. *Robins*, 1 Johns. Cas. 278.

2. The case does not find a payment by the administrator, but a settlement of the note of the defendant by a third party, at the request of the administrator. Bellows made his payment to the administrator, when he took up the defendant's note ; therefore Bellows's indebtedness was, by the act of the administrator, taken out of the assets of the estate. If Bellows had bought the defendant's note, to pay his debt with, at the request of the administrator, the administrator could not have recovered the difference between the amount of the note and the amount decreed.. *Austin* v. *Henshaw*, 7 Pick. 46. This is in fact the transaction ; the note was the property of Bellows, and not of the defendant.

The decision was made at October term 1856.

DEWEY, J. The case of *Walker* v. *Hill*, 17 Mass. 380, fully sustains the position, that under the laws then existing, an administrator who paid a debt due from his intestate before the expiration of the year from the time of giving notice of his appointment, under the honest belief that the estate was solvent, might afterwards, upon the estate proving to be insolvent, and so shown by the allowance of debts under a commission of insolvency, recover back the difference between the sum so paid and the amount awarded such creditor by the judge of probate on the final settlement of the administration. *Walker* v. *Bradley*, 3 Pick. 261, and *Bliss* v. *Lee*, 17 Pick. 83, were to the same effect.

The further inquiry is whether there has been any such change in the law since the decision in *Walker* v. *Hill* as will affect the present case. It is contended by the defendant that the Rev. Sts. *c.* 66, §§ 10–14, have so changed the law, that a creditor who has received payment of his debt from the administrator is not, in consequence of a subsequent representation of insolvency of the estate by the administrator, liable to refund any part of the amount so received by him.

The case of *Colegrove* v. *Robinson*, 11 Met. 238, is relied upon as giving a construction to the Rev. Sts. *c.* 66, and as conclusive against maintaining the present action. But upon carefully examining that case, and the statute referred to, it will be seen that it applies to a different state of facts from those existing in the present case. That action was brought to recover back money paid after the expiration of the year from the time of giving notice of the appointment, and the statute provisions referred to are all applicable to payments made after the expiration of the year, when to some extent new rights exist between the creditor and the administrator. As to payments made to a creditor after the year, it is provided that he shall not be liable to refund any part of the money so received by him ; and the administrator is not required to distribute among the creditors who have failed to give notice within the year any such assets as may have been, after the year and previous to notice of the new demand,

paid out to creditors, but is discharged from further accounting for such assets. In the present case the payment was made before the expiration of the year. This distinction as to the case of *Colegrove* v. *Robinson* leaves the case of *Bliss* v. *Lee,* 17 Pick. 83, as correctly decided, which arose after the *St.* of 1823, *c.* 144, containing provisions nearly similar in this respect to the Rev. Sts. *c.* 66.

The further objection is however taken in the present case, that the right to recover back the difference between the money paid to the creditor, and his *pro rata* share allowed by the judge of probate, must fail, in consequence of the payment having been made by a third person, who was a debtor of the estate, and not directly by the administrator. Upon this point, the case of *Austin* v. *Henshaw,* 7 Pick. 46, is relied on by the defendant. With a change in the parts of the actors, that case would seem to be decisive against the right to maintain this action. There, as here, were the administrator, the creditor, and a debtor to the estate, but their relations to the action were not the same in the two cases. In the case of *Austin* v. *Henshaw,* the administrator requested a debtor of the estate to procure a certain note held by a creditor, and promised the debtor he would allow the same towards payment of a note he owed the estate. The debtor did so, and the administrator allowed him the sum he had paid for the same by applying it in extinguishment of his note, the debtor paying the residue in cash. The estate subsequently proved insolvent, and the administrator brought his action against the debtor from whom he had received the note to recover the difference between the amount of the note and of the dividend which would have been payable thereon; and it was held that he was not entitled to recover.

In the present case, the action is against the creditor to whom payment of the debt was made, and not against a third person who at the request of the plaintiff had paid the entire note. It is true the payment was made through the agency of a debtor of the estate, and at the request of the administrator, and was allowed to the debtor and adjusted with him by the administrator; and against the debtor the plaintiff could not main-

tain an action, giving effect to the opinion in the case of *Austin* v. *Henshaw*. As respects the debtor, there is no case of equitable right to recover on the ground of money paid by mistake. He received no more than he actually paid. But as respects the creditor, who receives a payment before the expiration of the year, made in good faith by the administrator, under the belief that the estate is solvent, the case is different. And upon a seasonable representation of insolvency, and where the administrator would be chargeable for the application of the fund, for general distribution among the creditors, it is equitable and just, and in accordance with our previous decisions, to allow the administrator to recover back of such creditor the difference between the sum paid him by the administrator and the amount of the dividend to which he was entitled.

*Judgment for the plaintiff.*